UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

TIMOTHY ADAMS,

                Plaintiff,

            - against -

STATE OF NEW YORK,

                Defendant.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
**07-CV-1101 (NG)(LB)**

**BLOOM, United States Magistrate Judge:**

Timothy Adams ("Adams" or "petitioner") petitions this Court *pro se* seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Honorable Nina Gershon, United States District Judge, referred this petition to the undersigned for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons that follow, it is respectfully recommended that the petition should be dismissed as moot.

## BACKGROUND

In September 1999, Adams was arrested for first-degree robbery. After pleading guilty, petitioner was sentenced to six months imprisonment and five years of probation. Having already served a portion of his term while awaiting sentencing, Adams was released after he pled guilty. Shortly after his release, petitioner violated the terms of his probation by committing a burglary. On June 28, 2000, Adams was sentenced to an indeterminate term of one to three years imprisonment for first-degree burglary. At that time, petitioner also pled guilty to second-degree attempted burglary, for which Adams received an additional two-year term of imprisonment. Petitioner was paroled in February 2001. Seven months after being paroled, on September 17,

2001, petitioner was convicted of third-degree criminal weapon possession and sentenced to an indeterminate term of two to four years imprisonment. Adams was released on parole on August 26, 2003. His maximum parole expiration date at that time was December 7, 2006.

On April 27, 2004, Adams was arrested again and charged with second-degree assault. Having found that petitioner had violated the terms of his parole by committing the assault as well as by violating his curfew and failing to report his arrest to his parole officer, Adams was declared delinquent by the Parole Board on July 21, 2004. On April 18, 2005, Adams pled guilty to another parole violation. At that time, the Parole Board imposed a delinquent time assessment of fifteen months to expire on October 9, 2005. Petitioner was released on October 7, 2005 early with a maximum parole expiration date of October 16, 2007.

On January 16, 2006, petitioner was again arrested. Petitioner pled guilty to disorderly conduct. Petitioner was also found to have violated the terms of his parole by failing to report to his parole officer. On June 29, 2006, petitioner entered a guilty plea on his failure to report, and was given a delinquent time assessment of twelve months to expire on May 30, 2007. Petitioner was then returned to incarceration.

Adams filed the instant petition on February 23, 2007 in the United State District Court for the Northern District of New York on the ground that he was overdue for release. Prior to commencing the instant action, petitioner did not seek relief from the state court. On February 27, 2007, Adams's petition was transferred to this district. On April 25, 2007, thirty-five days before the expiration of his assessed delinquency time, petitioner was discharged from incarceration, free of any supervision or parole.

## DISCUSSION

Before the Court reaches the merits of petitioner's claims, it must first address whether Adams's petition has been made moot by his release from incarceration. "In general, if an event occurs while [a matter] is pending that renders it impossible for the court to grant any form of effectual relief to [petitioner], the matter becomes moot and subject matter jurisdiction is lost." In re Flanagan, --- F.3d ----, 2007 WL 2915812, No. 04 Civ. 5638, at * 4 (2d Cir. October 9, 2007) (citing Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 69 (2d Cir. 2001) and Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992)).

Where, as here, a state prisoner challenges the imposition or execution of his or her sentence, the prisoner may file a federal habeas corpus petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C § 2254; James v. Walsh, 308 F.3d 162 (2d Cir. 2002). The AEDPA provides in relevant part that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). A habeas petition filed by a state prisoner who is released from custody pending adjudication of his petition still meets AEDPA's "in custody" requirement so long as the petitioner was incarcerated at the time the petition was filed. Spencer v. Kemna, 523 U.S. 1, 7 (1998); Wheel v. Robinson, 34 F.3d 60, 63 (2d Cir. 1994). However, unless there exists "some concrete and continuing injury or collateral consequence resulting from the conviction," the petition will fail to meet the case or controversy requirement of Article III, § 2 of the Constitution. United States v. Suleiman, 208 F.3d 32, 36 (2d Cir. 2000) (internal quotations marks omitted).

For years, federal courts presumed the existence of collateral consequences flowing from

a criminal conviction. See Spencer, 532 U.S. at 8 ("[i]n recent decades, we have been willing to presume that a wrongful conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur)."). Nevertheless, courts remained wary of extending the same presumption to cases involving parole revocation. See, e.g., Lane v. Williams, 455 U.S. 624 (1982) (discussed in Spencer, 532 U.S. at 12). In Spencer, the Supreme Court cautioned that collateral consequences (and, hence, avoidance of mootness) could not be presumed where only the revocation of petitioner's parole was at issue, but not the constitutionality of the underlying conviction. Spencer, 532 U.S. at 14-18.

Applying the principles of Spencer, the courts in this Circuit have declined to presume the existence of collateral consequences where the petitioner does not challenge the underlying conviction. United States v. Mercurris, 192 F.3d 290 (2d Cir. 1999) (refusing to find a live controversy where defendant contested only a sentencing enhancement); United States v. Probber, 170 F.3d 345 (2d Cir. 1999) (dismissing case as moot where defendant challenged only a parole revocation); Fells v. Breslin, 2007 WL 675081, No. 04 Civ. 3849 (E.D.N.Y. Feb. 26, 2007) (case moot where petitioner complained only of parole proceedings); Hunter v. Hollins, 2007 WL 475410, No. 03 Civ. 0176 (N.D.N.Y. Feb. 9, 2007) (case moot where petitioner alleged only denial of merit time). Instead, to avoid having the petition dismissed as moot, the petitioner "bear[s] the burden of demonstrating some 'concrete and continuing injury' sufficient to create an Article III case or controversy." Mercurris, 192 F.3d at 294.

Here, Adams raises no challenge to the underlying convictions. Instead, petitioner complains solely that he was not released from incarceration in a timely manner after serving his fifteen-month delinquency assessment. Since petitioner alleges no collateral consequences

arising from his allegedly prolonged detention, no injury-in-fact exists for the purpose of the instant habeas corpus petition. Thus, petitioner fails to satisfy Article III's case-or-controversy requirement and the Court lacks the jurisdiction to consider Adams's petition. Therefore, the petition should be dismissed as moot.[1]

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 should be dismissed as moot. As petitioner has not made a substantial showing of the denial of any constitutional right, the Court should not issue a certificate of appealability. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1017 (2d Cir. 1997), abrogated on other grounds, United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability); also Lucidore v. New York State Div. Of Parole, 209 F.3d 107, 112-113 (2d Cir. 2000), cert. denied, 531 U.S. 873 (2000). Moreover, it is recommended that the Court should certify pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from a judgment adopting this Report would not be taken in good faith, and therefore in forma pauperis status should be denied for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of the Report to file written objections. See also

---

[1] I need not reach the other grounds raised, such as petitioner's untimeliness or failure to exhaust, in light of the Court's lack of jurisdiction.

Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of Court. Any request for an extension of time to file objections must be made to the District Judge within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. DeLeon v. Strack, 234 F.3d. 84, 86 (2d. Cir. 2000); Spence v. Superintendent, Great Meadow Corr'l Facility, 219 F.3d 162, 174 (2d. Cir. 2000); see Thomas v. Arn, 474 U.S. 140, 155 (1985).

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: November 27, 2007
Brooklyn, New York